## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SAMUEL T. HOWELL,**
**Claimant Below, Petitioner**

**FILED**

June 26, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0378** (BOR Appeal No. 2053443)
(Claim No. 2015021791)

**BLUE FLAME PIPELINE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Samuel T. Howell, by Counsel J. Robert Weaver, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Blue Flame Pipeline, LLC, by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no additional permanent partial disability award on August 8, 2017. The Office of Judges affirmed the decision in its September 10, 2018, Order. The Order was affirmed by the Board of Review on March 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Howell, an environmental foreman, was injured in a car accident in the course of his employment on February 6, 2015. The Employees' and Physicians' Report of Injury listed the diagnosis as vertebral fracture. The claim was held compensable for vertebral compression fracture on February 13, 2015. On February 16, 2015, Mr. Howell sought treatment from Scott Daffner, M.D. Dr. Daffner noted that Mr. Howell reported that his pain was slightly better but still severe. He also reported that prior to the injury, he had no back problems. An x-ray taken that day showed a T12 burst fracture. Dr. Daffner found that the fracture was more collapsed than seen on a CT scan taken ten days prior. He recommended conservative treatment unless the fracture further collapsed.

1

Douglas Gula, D.O., performed an independent medical evaluation on September 6, 2015, in which he found that Mr., Howell had reached maximum medical improvement. Using the American Medical Association's *Guide's to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Gula assessed 15% impairment. The claims administrator granted a 15% permanent partial disability award on October 1, 2015.

Bruce Guberman, M.D., performed an independent medical evaluation on August 23, 2016, in which he diagnosed post-compression fracture and chronic post-traumatic lumbar strain with disc protrusion/herniation at L5-S1. He determined that Mr. Howell had reached maximum medical improvement. Using the American Medical Association's *Guides*, Dr. Guberman assessed 15% impairment for the thoracic compression fracture. Dr. Guberman further opined that Mr. Howell suffered a lumbar disc herniation at L5-S1 as a result of the compensable injury and assessed 8% impairment. Dr. Guberman's total combined impairment rating was 22%.

On May 12, 2017, the Office of Judges remanded an October 1, 2015, claims administrator's decision granting a 15% permanent partial disability award with instructions to refer Mr. Howell for an independent medical evaluation in accordance with the American Medical Association's *Guides,* 4th edition. Mr. Howell was referred to John Parker, M.D., who performed the evaluation on July 24, 2017. Dr. Parker found that Mr. Howell sustained 15% permanent partial disability as a result of his compensable injury.

The claims administrator granted no additional permanent partial disability award on August 8, 2017. The Office of Judges affirmed the decision in its September 10, 2018, Order. The Office of Judges noted that in its May 12, 2017, Order, it remanded the claim for an independent medical evaluation in accordance with the American Medical Association's *Guides*. In that decision, the Office of Judges determined that the evaluations by Drs. Gula and Guberman were unreliable. The Office of Judges found that in his evaluation, Dr. Gula incorrectly used the diagnosis related estimate method of obtaining impairment. Dr. Guberman's report was determined to be unreliable because he rated a non-compensable lumbar spine condition. In the present case, the Office of Judges concluded that Dr. Parker's independent medical evaluation was properly performed and reliable. Dr. Parker found that Mr. Howell had 15% whole person impairment as a result of his compensable thoracic disc fracture. The Office of Judges therefore concluded that Mr. Howell had been fully compensated by his prior 15% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The only reliable report of record is that of Dr. Parker, who found 15% impairment due to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 26, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING**:

Justice Margaret L. Workman